# THE ATTORNEY GENERAL
# OF TEXAS



JOHN L. HILL,
ATTORNEY GENERAL.

AUSTIN, TEXAS 78711

10-31-75

The Honorable Henry Wade
District Attorney
Dallas County
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H-730

Re: Whether article 5547-63,
V. T. C. S. , requires that testi-
mony taken at commitment hear-
ings be transcribed and forwarded
to the mental hospital receiving
the patient.

Dear Mr. Wade:

You have requested our opinion regarding whether article 5547-63,
V. T. C. S. , requires that testimony taken at commitment hearings be tran-
scribed and forwarded to the mental hospital receiving the patient.

Article 5547-63 provides:

> The clerk of the county court shall
> prepare one certified transcript of the
> proceedings in the Temporary Hospitali-
> zation or Indefinite Commitment Hearing.
> Such transcript shall accompany the
> patient to the designated mental hospital
> and shall be delivered to the hospital per-
> sonnel in charge of admissions by the per-
> son authorized by the court to transport
> the patient. The clerk shall send with the
> transcript any available information con-
> cerning the medical, social, and economic
> status and history of the patient and his
> family.

You ask whether the statute's directive that the clerk send "any available in-
formation concerning the medical, social, and economic status and history of the
patient and his family" requires that the court reporter in every case prepare a
statement of facts for inclusion in the transcript.

The statement of facts is not itself a part of the transcript of a judicial pro-
ceeding. Tex. R. Civ. P. 376, 377. Article 5547-63 does not require that a copy

of the statement of facts accompany the transcript; it merely directs the clerk to forward therewith "any available information."

In practice, the Department of Mental Health & Mental Retardation has developed for this purpose two lengthy and detailed forms which are in general use by county clerks throughout the state. The Commissioner of the Department advises that

> [i]t has been the long standing interpretation of this Department that the Clerk of the county court complies with article 5547-63 by forwarding these two completed forms in addition to a certified transcript which consists of copies of the instruments constituting a part of the proceedings in the trial court in connection with the temporary or indefinite commitment of any patient.

It is well established that the construction placed upon a statute by the agency charged with its administration is entitled to substantial weight, particularly where that construction has been followed over a long period of time. Calvert v. Kadane, 427 S. W. 2d 605 (Tex. Sup. 1968); Heaton v. Bristol, 317 S. W. 2d. 86 (Tex. Civ. App. --Waco 1958, writ ref'd).

In our opinion, the duty imposed upon the clerk by article 5547-63 is to forward to the hospital all relevant information contained in the statement of facts. If that information is substantially supplied by the clerk on the forms furnished by the Department, or can be extracted from the statement of facts, or is available from some other source, the clerk need not send to the hospital an actual copy of the statement of facts. In some cases, it may of course be necessary to do so. But that determination must be made by the clerk in each particular case.

## SUMMARY

Article 5547-63, V. T. C. S. , does not require that in every case a copy of the statement of facts of a commitment hearing be forwarded to the mental hospital receiving the patient, but only that any relevant information contained therein accompany the transcript of the proceedings.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3117

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: